UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------x
JOSEPH PALMIERI,

                Plaintiff,

    - against -

KEN HALL & ASSOCIATES, INC. d/b/a SPORT
CRAFT BOATS, SPORT CRAFT MARINE,
SPORT CRAFT, INC., ROBERTS ACQUISITION
CORPORATION and STONE HARBOR
MARINA,

                Defendants.
------------------------------------------------------------x

FILED

02 CIV. 1752 (CFD)

**PLAINTIFF'S RESPONSE
TO THE COURT'S FEBRUARY 4,
2004 ORDER RE STATUS
AND ACCOMPANYING MOTION TO
ACCEPT SAME *NUNC PRO TUNC***

Plaintiff, Joseph Palmieri, by and through his attorneys, DeOrchis & Partners, LLP, hereby move to have this Court accept his response to the Court's February 4, 2004 Order Re Status *nunc pro tunc* and states in support of the same as follows:

1. The plaintiff received the Court's Order Re Status and thereafter forwarded a copy of the same to counsel for the only appearing defendant, Stone Harbor Marina ("Stone Harbor.") (See Letter annexed hereto as Exhibit "A.")

2. The undersigned counsel mistakenly docketed the return date of the Court's Order Re Status for February 27, 2004.

3. On Thursday, February 26, 2004, and not having heard from counsel for Stone Harbor, the plaintiff telephoned Stone Harbor's counsel's office but was unable to speak to anyone. Similarly, there was no opportunity to leave a message because the telephone was never answered.

4. At the time of making the call to opposing counsel, the undersigned recognized

1

his diarying error, and immediately telephoned the Hon. Christopher F. Droney's chambers. He advised chambers of the error as well as opposing counsel's failure to participate in preparation of the joint response. The plaintiff was advised to file the herein unilateral response to the Order Re Status.

5. The plaintiff's delay in filing a response to the Court's Order Re Status was unintentional and not designed to frustrate or otherwise delay this matter. The plaintiff's delay has not prejudiced any party.

6. Accordingly, the plaintiff respectfully requests that the Court accept the plaintiff's response to the Court's Order Re Status as if it had been timely made on February 23, 2004.

## RESPONSE TO ORDER RE STATUS

A. <u>Nature of the Case</u>:

1. By way of brief background, this matter concerns a lawsuit by the purchaser of a new vessel which vessel subsequently developed serious manufacturing and design defects. As of this writing, the only defendant to have appeared in this matter is the retail seller, Stone Harbor Marina, Inc. ("Stone Harbor"). The plaintiff has filed a motion for default judgment as against the non-appearing vessel manufacturers, Sportcraft and Ken Hall & Associates, Inc. which motion the Court has held in abeyance. In addition, the defendant Roberts Acquisition Corporation, the entity which sold the business to the current vessel manufacturer, earlier attempted to appear in this matter but has yet to formally do so.

The Court will recall that the plaintiff experienced great difficulties in getting this litigation started as a result of the vessel manufacturer's apparent insolvency. In addition, the plaintiff had undertaken an intensive campaign to convince the retailer seller to at least make repairs to the vessel's hull defects. So far, the plaintiff has been unsuccessful in gaining any attention in this respect.

Stone Harbor has denied its status as a retail seller and contended that it simply facilitated the transaction on behalf of the vessel manufacturer.

Accordingly, the plaintiff was forced to proceed forward with litigation. In this respect, the plaintiff initiated a Rule 26(f) conference with Stone Harbor's counsel and completed its portion of the Rule 26(f) report of parties planning meeting. Unfortunately, and although the same has been submitted to Stone Harbor's counsel, no response was forthcoming such that the

plaintiff was forced to unilaterally complete the report.

    2.    The plaintiff has filed a motion for default judgment as against the non-appearing vessel manufacturers, Sportcraft and Ken Hall & Associates, Inc. which motion the Court has held in abeyance.

    3.    Jury.

B.    <u>Discovery</u>

    1.    The plaintiff had initially produced 104 pages of documentation and served written discovery. The plaintiff thereafter procured repairs to the vessel in the late Fall, 2003 and served all of the related work order statements, invoices and some twenty photographs upon Stone Harbor under cover letter dated January 7, 2004. (See copy of letter annexed hereto as Exhibit "B.")

The parties have not yet taken depositions although the plaintiff anticipates requiring only a deposition of defendant Stone Harbor. Discovery is not complete.

It is anticipated that discovery could be completed within forty-five (45) days.

C.    <u>Dispositive Motions</u>

    1.    The plaintiff contemplates making a motion for summary judgment with respect to defendant Stone Harbor's liability.

    2.    The plaintiff anticipates reviving its motion for default judgment against the vessel manufacturer.

D.    <u>Settlement</u>

    1.    The parties have not engaged in any formal settlement conference. While a conference was scheduled before Hon. Raymond Green in October, 2003, the Court permitted the adjournment of the same. This adjournment was provident as the plaintiff was not able to obtain and compile his vessel's repair documentation until late November, 2003. The parties had hoped to settle the matter between themselves although that has not occurred.

    2.    None.

    3.    Yes. In light of the plaintiff now having had his vessel repaired and having provided the documentation attendant to the same to Stone Harbor, the plaintiff is confident that a settlement conference will result in the amicable resolution of this matter.

E.	Trial Preparation

1 - 4.  These requests cannot be answered at this time due to the incomplete state of discovery and the absence of a Case Management Report in this matter.

Dated:	Stamford, Connecticut
	February 26, 2004

>					DE ORCHIS & PARTNERS, LLP
>					Attorneys for Plaintiff
>
>					By: _____
>					John K. Fulweiler (CT-24765)
>					De Orchis & Partners, LLP
>					24 Hoyt Street
>					Stamford, Connecticut
>					(203-323-9120)
>					Our File:  2113-1

4

# EXHIBIT A

# DeOrchis & Partners, LLP

*Attorneys and Proctors in Admiralty*

61 Broadway, 26th Floor
New York, New York 10006-2802

Telephone: (212) 344-4700
Telefax:   (212) 422-5299
www.marinelex.com

*Florida Office:*
2650 Biscayne Blvd.
Miami, FL 33137
(305) 571-9200

*Connecticut Office:*
24 Hoyt Street
Stamford, CT 06905
(203) 348-5846

*New Jersey Office:*
1495 Morris Avenue
Union, NJ 07083
(973) 467-4740

*Massachusetts Office:*
Routes 28 & 137, P.O. 186
South Chatham, MA 02659
(508) 432-4715

**CORRES**

February 13, 2004

Steven G.M. Biro
291 Vine Road
Stamford, CT 06905-2106

Re: *Palmieri v. Ken Hall & Associates, Inc., et al.*
    USDC/DC 02-17512
    Our file no.: 2113-1

Dear Mr. Biro:

We enclose a copy of the Court's February 4, 2004 Order re Status. We ask that you please contact us as soon as possible so that we may jointly comply with this Order.

Very truly yours,

DEORCHIS & PARTNERS, LLP

By: [signature]
John K. Fulweiler

JKF:ls

# EXHIBIT B

Case 3:02-cv-01752-CFD     Document 23     Filed 02/27/2004     Page 7 of 8

# DeOrchis & Partners, LLP

| Florida Office: | Attorneys and Proctors in Admiralty | New Jersey Office: |
|---|---|---|
| 2650 Biscayne Blvd.<br>Miami, FL 33137<br>(305) 571-9200 | 61 Broadway, 26th Floor<br>New York, New York 10006-2802 | 1495 Morris Avenue<br>Union, NJ 07083<br>(973) 467-4740 |
| Connecticut Office:<br>24 Hoyt Street<br>Stamford, CT 06905<br>(203) 348-5846 | Telephone: (212) 344-4700<br>Telefax:    (212) 422-5299<br>www.marinelex.com | Massachusetts Office:<br>Routes 28 & 137, P.O. 186<br>South Chatham, MA 02659<br>(508) 432-4715 |



January 7, 2004

Steven G.M. Biro
291 Vine Road
Stamford, CT 06905-2106

Re: *Palmieri v. Ken Hall & Associates, Inc., et al.*
USDC/DC 02-17512
Our file no.: 2113-1

Dear Mr. Biro:

We write regarding the above-referenced matter and in particular with respect to your earlier served discovery. While we are in the process of completing responses to that discovery, it seemed provident for us to immediately produce the final documentation we received from our client with respect to this matter. The intent here is to provide you and your client with the documents necessary for you to determine the cost of the repairs to the vessel. After you have had a chance to review this material, we would be grateful if you would contact the undersigned for the purpose of trying to facilitate a conclusion to this mater.

For your guidance, we enclose the following documentation:

1. Boulevard Auto & Marine, LLC payment receipt;
2. Wilson Cove Marina, Inc. statement;
3. Norwalk Cove Marina Inc. invoice #00755;
4. Norwalk Cove Marina Inc. invoice 00755;
5. Norwalk Cove Marina Inc. Ledger Card dated July 26, 2003;
6. Norwalk Cove Marina, Inc. Work Order no. 531909; and
7. 20 Photographs.

Very truly yours,

DEORCHIS & PARTNERS, LLP

By /s/ John K. Fulweiler
    John K. Fulweiler

JKF:ls