DE ORCHIS & PARTNERS, LLP
24 Hoyt Street
Stamford, Connecticut 06905
(203) 323-9120

Attorneys for Plaintiff
Joseph Palmieri

FILED

2004 JUN 21  A 10: 12

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-------------------------------------------------------------x
JOSEPH PALMIERI,

           Plaintiff,

- against -

KEN HALL & ASSOCIATES, INC. d/b/a
SPORT CRAFT BOATS, SPORT CRAFT
MARINE, SPORT CRAFT, INC., ROBERTS
ACQUISITION CORPORATION and STONE
HARBOR MARINA,

           Defendants.
-------------------------------------------------------------x

02 CIV. 1752 (CFD)

### PLAINTIFF'S MOTION ADVISING COURT OF DEFENDANT'S FAILURE TO CONSUMMATE SETTLEMENT, SEEKING TO RE-OPEN MATTER, AND SEEKING COSTS AND ATTORNEYS' FEES

Plaintiff, JOSEPH PALMIERI (hereinafter referred to as the "PLAINTIFF"), by and through his undersigned attorneys, De Orchis & Partners, LLP, respectfully moves for an Order re-opening this matter as a result of the defendant's repeated failure to consummate settlement and seeking attorneys' fees and costs for the defendant's failure to act in good-faith or with reasonable diligence and in support of the same states as follows:

    1.    On March 29, 2004, the plaintiff and only appearing defendant, Stone Harbor Marina ("Stone Harbor"), agreed to an amicable resolution of this matter in exchange for certain consideration.

2.    Thereafter, the plaintiff provided Stone Harbor's counsel with a proposed settlement agreement for which the undersigned has yet to receive any comments much less an executed original.

3.    On April 28, 2004, the plaintiff moved this Court for a two week extension of time by which to consummate settlement as a result of the defendant's failure to respond.

4.    Subsequently, counsel for Stone Harbor contacted the undersigned and stated that the agreed upon settlement was not in jeopardy but that he had been otherwise preoccupied with the "most important trial of his life." Counsel for Stone Harbor assured the plaintiff he would review the settlement agreement within the two week extension period.

5.    A further extension of time by which to consummate settlement was obtained from the Court based on Stone Harbor counsel's representations.

6.    Thereafter, the undersigned did not receive any comments much less an executed original of the earlier forwarded settlement agreement nor were settlement funds provided. In addition, counsel for the Stone Harbor never contacted the plaintiff's counsel.

7.    Thereafter, the plaintiff's counsel advised Stone Harbor that it was the plaintiff's intention to seek to re-open the matter as a result of defendant Stone Harbor's failure to make any effort whatsoever to consummate the agreed upon settlement.

8.    On May 24, 2004, Stone Harbor's counsel wrote the Court and explained that he was involved in anther litigation and required "additional time through June 15, 2004" by which to consummate settlement. (See copy of May 24, 2004 correspondence annexed hereto as Exhibit "A")

9.    Despite the Court granting this extension, Stone Harbor's counsel <u>never</u> thereafter communicated with the undersigned.

2

10. The proposed settlement is for a relatively small amount and the associated settlement documentation is in the usual form, is not complicated and could easily be reviewed by Stone Harbor's counsel in under one (1) hour.

11. Nearly three (3) months have passed since a settlement was agreed upon.

12. The undersigned's firm is retained on an hourly basis and the plaintiff has incurred significant monies in pursuing a final resolution of this matter which have been unnecessarily generated by Stone Harbor's counsel's failure to finalize the agreed upon settlement despite his representations to the plaintiff and this Court.

13. Stone Harbor's counsel has not once tried to communicate with the undersigned or his firm with respect to finalizing settlement.

14. Stone Harbor's counsel has acted in bad faith in failing to finalize a settlement (which he acknowledge exists).

15. Accordingly, the plaintiff sees no option but to seek an Order re-opening this matter and scheduling an immediate conference with the Court for the purpose of addressing various discovery and scheduling issues.

16. In addition, the plaintiff respectfully requests that he be permitted to move for an award of those attorneys' fees and costs generated with respect to the repeated and unnecessary activity associated with attempting to finalize settlement. See, e.g., Newton v. A.C. & S., Inc., 918 F.2d 1121, 1126 (3d Cir., 1990) (stating "The intent and spirit of Rule 16 is to allow courts to actively manage the timetable of case preparation so as to expedite the speedy disposition of cases. Thus, the imposition of sanctions for failure to comply with a settlement schedule is entirely consistent with the purpose of Rule 16.")

17. While the plaintiff desires to settle this matter with defendant Stone Harbor and regrets having to seek judicial intervention, he simply can no longer tolerate defendant Stone Harbor's bad faith conduct in failing to finalize the settlement.

Dated:   Stamford, Connecticut
         June 16, 2004

>                                        DE ORCHIS & PARTNERS, LLP
>                                        Attorneys for Plaintiff
>
>                                        By: _____
>                                        John K. Fulweiler (CT-24765)
>                                        De Orchis & Partners, LLP
>                                        24 Hoyt Street
>                                        Stamford, Connecticut
>                                        (203-323-9120)
>                                        Our File: 2113-1

TO:   <u>VIA FACSIMILE & U.S. MAIL</u>   (1-203-329-1640)

Steven G.M. Biro, Esq.
291 Vine Road
Stamford, CT 06905-2106
Attorneys for Stone Harbor Marina

# EXHIBIT A

# STEVEN G.M. BIRO
### ATTORNEY AND COUNSELOR AT LAW

291 Vine Road  
Stamford, Connecticut  
06905-2106  

(203) 329-9664  
(203) 329-1640 Fax  

61 Broadway, 18th Floor  
New York, New York  
10006  

(212) 797-9100  
Ext. 500  

May 24, 2004

Hon. Christopher F. Droney  
United States District Judge  
United States District Court  
District of Connecticut  
450 Main Street  
Hartford, CT 06103  

    RE:  Palmieri v. Ken Hall & Assoc., Inc., et al.  
          UADC/DC  

<u>02-CV-1752(CFD)</u>

Dear Judge Droney:

    I represent the defendant in the above referenced matter.

    I am presently in the middle of a trial in Stamford Superior Court, entitled <u>Steven G. M. Biro, et al vs. Sidley & Austin</u>, Docket No. CV-95-0149415-S. We are now in the third week of this trial (without counting the ADR and other pre-trial procedure). For the past month, I had been getting, on the average, three to four hours of sleep per night. Since I am a sole practitioner, it will be impossible for me to give a careful thought and consideration necessary to properly conclude the above-captioned matter until the end of the on going to trial in Stamford, which I and told will the go through the first week of June.

    My brother, Attorney Fulweiler has been most gracious and accommodating my circumstances up to this time, despite the fact that he must be under pressure from his clients to wind things up.

    Accordingly, I respectfully request that the court grant us additional time through June 15, 2004 in order to complete all of the formalities and conclude this litigation.

**STEVEN G. M. BIRO**

Honorable Christopher Droney
*Palmieri v. Hall, et al.*
May 24, 2004, Page 2 of 2



      I thank Your Honor and Mr. Fulweiler for your understanding and courtesy, and remain,

                      Very truly yours,

                        Steven G. M. Biro

SGMB/ga
Cc: John Fulweiler, Esq.

<u>**BY FAX ONLY**</u>

## CERTIFICATION OF SERVICE BY MAIL & FACSIMILE

Linda Salerno, declares that:

I am not a party to this action, am over 18 years of age, and reside in Staten Island, New York. I am a secretary for De Orchis & Partners, LLP, the attorneys for the within named Plaintiff, with offices at 61 Broadway, 26th Floor, New York, New York 10006.

On June 18, 2004, I served upon:

**STEVEN G.M. BIRO, ESQ.**
**291 VINE ROAD**
**STAMFORD, CT 06905-2106**
**ATTORNEYS FOR STONE HARBOR MARINA**

a true copy of the annexed:

**PLAINTIFF'S MOTION ADVISING COURT OF DEFENDANT'S FAILURE TO CONSUMMATE SETTLEMENT, SEEKING TO RE-OPEN MATTER, AND SEEKING COSTS AND ATTORNEYS' FEES**

by depositing same in a sealed and postage prepaid wrapper, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated above and by transmitting a copy of the same to the above-identified facsimile and by retaining proof of its transmission.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 18, 2004.

_____
Linda Salerno