DE ORCHIS & PARTNERS, LLP
24 Hoyt Street
Stamford, Connecticut 06905
(203) 323-9120

Attorneys for Plaintiff
Joseph Palmieri

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-------------------------------------------------------------x
JOSEPH PALMIERI,

                Plaintiff,

      - against -

KEN HALL & ASSOCIATES, INC. d/b/a
SPORT CRAFT BOATS, SPORT CRAFT
MARINE, SPORT CRAFT, INC., ROBERTS
ACQUISITION CORPORATION and STONE
HARBOR MARINA,

                Defendants.
-------------------------------------------------------------x

02 CIV. 1752 (CFD)

**PLAINTIFF'S FOLLOW-UP MOTION WITH MEMORANDUM OF LAW
SEEKING AN AWARD OF COSTS AND ATTORNEYS' FEES
<u>RELATED TO HIS HAVING TO RE-OPEN THIS MATTER</u>**

Plaintiff, JOSEPH PALMIERI (hereinafter referred to as the "PLAINTIFF"), by and through his undersigned attorneys, De Orchis & Partners, LLP, respectfully moves for an Order awarding him attorneys' fees and costs as a result of having to re-open this matter due to defendant Stone Harbor Marina's and its counsel's willful failure to act in good-faith or with reasonable diligence in consummating an agreed upon settlement:

## FACTUAL BACKGROUND

1.  On March 29, 2004, the plaintiff and only appearing defendant, Stone Harbor Marina ("Stone Harbor"), agreed to an amicable resolution of this matter in exchange for certain consideration.

2.  Thereafter, the plaintiff provided Stone Harbor's counsel with a proposed settlement agreement for which the undersigned has yet to receive any comments much less an executed original.

3.  On April 28, 2004, the plaintiff moved this Court for a two week extension of time by which to consummate settlement as a result of the defendant's failure to respond.

4.  Subsequently, counsel for Stone Harbor contacted the undersigned and stated that the agreed upon settlement was not in jeopardy but that he had been otherwise preoccupied with the "most important trial of his life." Counsel for Stone Harbor assured the plaintiff he would review the settlement agreement within the two week extension period.

5.  A further extension of time by which to consummate settlement was obtained from the Court based on Stone Harbor counsel's representations.

6.  Thereafter, the undersigned did not receive any comments much less an executed original of the earlier forwarded settlement agreement nor were settlement funds provided. In addition, counsel for the Stone Harbor never contacted the plaintiff's counsel.

7.  Thereafter, the plaintiff's counsel advised Stone Harbor that it was the plaintiff's intention to seek to re-open the matter as a result of defendant Stone Harbor's failure to make any effort whatsoever to consummate the agreed upon settlement.

8.  On May 24, 2004, Stone Harbor's counsel wrote the Court and explained that he was involved in a litigation and required "additional time through June 15, 2004" by which to

consummate settlement. (See copy of May 24, 2004 correspondence annexed to Fulweiler Affidavit as Exhibit "C")

9. Despite the Court granting this extension, Stone Harbor's counsel <u>never</u> thereafter communicated with the undersigned.

10. The proposed settlement is for a relatively small amount and the associated settlement documentation is in the usual form, is not complicated and could easily be reviewed by Stone Harbor's counsel in under one (1) hour.

11. Nearly three (3) months have passed since a settlement was agreed upon.

12. The undersigned's firm is retained on an hourly basis and the plaintiff has incurred significant monies in pursuing an amicable resolution of this matter which monies have been unnecessarily incurred as a result of Stone Harbor's counsel's failure to finalize the agreed upon settlement despite his representations to the plaintiff and this Court.

13. Stone Harbor's counsel has not once tried to communicate with the undersigned or his firm with respect to finalizing settlement.

14. Stone Harbor's counsel has acted in bad faith in failing to finalize a settlement (which he acknowledges exists).

15. As a result, on or about June 16, 2004, the plaintiff was forced to move to re-open this matter and sought permission to move for an award of attorneys' fees and costs.

16. On August 20, 2004, the Hon. Thomas P. Smith granted the plaintiff's motion and deferred ruling on an award of attorneys' fees and costs until when, and if, the proper supporting documents were presented. (See copy of August 20, 2004 Order annexed to Fulweiler Affidavit as Exhibit "B")

17.  Accompanying this motion is the undersigned's Affidavit of Costs and Attorneys' Fees setting forth the customary hourly rate that the undersigned bills and the total number of hours expended.

## MEMORANDUM OF LAW

This case has a tortured procedural history burdened largely by the overall dilatoriness of defendant Stone Harbor in responding to discovery, in willfully refusing to complete joint status reports and otherwise improperly ignoring this matter.  However, beginning in March, 2004, the plaintiff managed to obtain defendant Stone Harbor's attention and engaged in lengthy settlement discussions.  On March 29, 2004, a settlement agreement was reached and confirmatory correspondence was exchanged.

On April 19, 2004, the plaintiff forwarded standard closing documents for defendant Stone Harbor's review and execution.  Amazingly, however, the plaintiff did not thereafter receive any response to its proposed closing documents!  The plaintiff's counsel's telephone calls and correspondence went unanswered.  The plaintiff's counsel moved and moved again for extensions of time.  Finally, on May 24, 2004, defendant Stone Harbor's counsel wrote the Court and explained he was engaged in another litigation and required additional time (up through June 15, 2004) to consummate settlement.  (See May 24, 2004 correspondence annexed as Exhibit "C" to Fulweiler Affidavit.)  Despite the fact that the time spent drafting that letter would have been sufficient to have reviewed the plaintiff's benign closing documents, June 15, 2004 came and went without any follow-up from the defendant or its counsel.  Ultimately, the plaintiff was forced to re-open this matter.

The defendant and its counsel's conduct is without excuse and smacks of an intentional ploy to frustrate and otherwise undermine the plaintiff's good faith efforts at consummating

settlement. As a result of this improper conduct, the defendant and its counsel may properly be assessed the attorneys' fees and costs incurred by the plaintiff with respect to attempting to consummate settlement which settlement was directed to be completed on a date certain by the Court. See e.g., <u>Newton v. A.C. & S., Inc.</u>, 918 F.2d 1121, 1126 (3d Cir., 1990) (stating "The intent and spirit of Rule 16 is to allow courts to actively manage the timetable of case preparation so as to expedite the speedy disposition of cases. Thus, the imposition of sanctions for failure to comply with a settlement schedule is entirely consistent with the purpose of Rule 16.")

Defendant Stone Harbor's counsel made representations to the plaintiff and this very Court that it intended to proceed with the settlement and that it would diligently perform. However, defendant Stone Harbor's counsel has not so acted and has, in fact, simply refused to treat what was otherwise a straight forward settlement agreement for a relatively diminutive sum. Furthermore, defendant Stone Harbor's counsel did not so much as interpose a response to the plaintiff's motion to re-open this matter which the plaintiff had hoped would result in attracting defendant Stone Harbor's attention. <u>This conduct evidences a complete indifference to the workings of this Court and the plaintiff's good faith efforts at resolution</u>.

An award of attorneys' fees and costs is further appropriate because the plaintiff, the purchaser of a defective boat, detrimentally relied on defendant Stone Harbor's settlement agreement allowing the case to remain idle and incurring attorneys' fees and costs associated with consummating settlement which could have been used to prosecute the action.

Against this factual background, the plaintiff seeks an award of attorneys fees and costs pursuant to 28 U.S.C. § 1927 and pursuant to the Court's general equitable powers. See e.g. <u>Chambers v. Nasco, Inc.</u>, 501 U.S. 32 (1991).

WHEREFORE, the plaintiff respectfully requests that an Order issue awarding attorneys fees and costs in the amount of $1,989.57 to the plaintiff and against defendant Stone Harbor and its counsel, Stephen A. Biro, jointly and severally, representing the fair and reasonable value of the monies incurred as a result of defendant Stone Harbor's and its counsel's improper conduct.

Dated:   Stamford, Connecticut
         September 22, 2004

                                DE ORCHIS & PARTNERS, LLP
                                Attorneys for Plaintiff

                                By: _____
                                    John K. Fulweiler (CT-24765)
                                    De Orchis & Partners, LLP
                                    24 Hoyt Street
                                    Stamford, Connecticut
                                    (203-323-9120)
                                    Our File: 2113-1

TO:   VIA FACSIMILE & U.S. MAIL    (1-203-329-1640)

      Steven G.M. Biro, Esq.
      291 Vine Road
      Stamford, CT 06905-2106
      Attorneys for Stone Harbor Marina

6